UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTONIO NOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04624-SEB-MJD |
| | ) | |
| TULLOCH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Ruling on Cross Motions for Summary Judgment**

Plaintiff Antonio Nolan, an Indiana inmate, brought this lawsuit pursuant to 42 U.S.C.

§ 1983 alleging that when he was confined at the Bartholomew County Jail, the defendants failed

to properly treat his diabetes. Dkt. 12. The defendants move for summary judgment arguing that

Mr. Nolan failed to exhaust his available administrative remedies as required by the Prison

Litigation Reform Act ("PLRA") before he filed this lawsuit. Mr. Nolan responded, and the

defendants replied. Because Mr. Nolan had not provided admissible evidence in support of his

arguments, he was given an opportunity to do so, dkt. 34, and he filed an affidavit, dkt. 41.

Mr. Nolan also filed a motion for summary judgment, but as discussed, that motion is not

supported by admissible evidence. For the following reasons, the defendants' motion for summary

judgment is granted and Mr. Nolan's motion for summary judgment is denied.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as

to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party

must support the asserted fact by citing to particular parts of the record, including depositions,

documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the

adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return

a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court

views the record in the light most favorable to the non-moving party and draws all reasonable

inferences in that party's favor.  *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

Mr. Nolan was an inmate at the Bartholomew County Jail at the time of the alleged

incidents. *See* dkt. 25-1 p. 2 ¶ 5. He alleges in his amended complaint that on November 4, 2019,

he was given too much and the wrong kind of insulin by the jail official passing medications and

that his blood sugar dropped. Dkt. 13 at 2. Mr. Nolan then alleges that defendants Tulloch, Forney,

and Cruze[1] each gave him two glucose tablets, causing him to "overdose." *Id*. Forney tested his

blood sugar which was very low, and Mr. Nolan requested "carbs" and to be transported to the

hospital; his requests were denied. *Id.* As a result, Mr. Nolan went into diabetic shock and was

then taken to the hospital. *Id.*

The Bartholomew County Jail has an inmate grievance procedure, which is set forth in the

Inmate Handbook. Dkt. 25-1 pp. 1 ¶ 3, p. 4. Grievance forms are available to inmates on the

medication cart. Dkt. 25-1 pp. 2 ¶ 4. Under the grievance procedure, a grievance must be submitted

within 72 hours of the occurrence. *Id.* An inmate can appeal to the jail commander if unsatisfied

---

[1] Defendants Tulloch and Cruze state that their last names were misspelled in the Complaint. The Court will refer to them by the correct spelling of their names.

with the response to the grievance. *Id.* Mr. Nolan signed an acknowledgement that he read and understood the jail rules. Dkt. 25-1 p. 5.

Mr. Nolan did not submit any grievances before he filed suit on November 20, 2019. Dkt. 25-1 p. 2 ¶ 5. He filed a grievance on January 10, 2020, alleging that he was taken to the hospital on November 4, 2019, because nurse Holly Calhoun "prescribed" a different insulin than the medication Mr. Nolan told her he had been prescribed outside the jail. Dkt. 25-1 p. 6. The grievance also alleged Nurse Calhoun prescribed Lisinopril which is a different blood pressure medication than Mr. Nolan took before coming to the jail. *Id*. The grievance alleged that the insulin caused Mr. Nolan's blood sugar to be way below normal and that he had an allergic reaction to the Lisinopril. *Id.* Mr. Nolan's later grievances concerned unrelated incidents. *See* Dkt. 25-1 pp. 7-11.

Mr. Nolan asserts that he asked for a grievance form from October 30 until November 4, 2019, because the insulin he had been provided caused his blood sugar to rapidly decrease. Dkt. 41. He says he was told there were no grievance forms on the medication carts and to enter his problems on the kiosk. *Id.* He goes on, "The Jail Administrator Mr. John Martoccia has all my electronically stored information on the kiosk from November 4th 2019 to January 9th 2020. I also looked for the Jail rules on the kiosk and [they're] not on there, and you can't appeal your grievances on the kiosk or off any forms from the med carts." *Id.*

### III. Discussion

The defendants seek summary judgment arguing that that Mr. Nolan failed to exhaust his available administrative remedies as required by the PLRA.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The defendants argue that Mr. Nolan failed to submit a grievance concerning the hypoglycemic incident on November 4, 2019, and therefore failed to exhaust his available administrative remedies as to the claim he raised in this case. Mr. Nolan responds that he asked for grievances between October 30 and November 4, 2019 because he was being provided the wrong insulin. Dkt. 41. He states he was told there were no grievances on the med-carts and that he should submit his complaints on the kiosk. *Id.*

It is true that jail officials can make a grievance process unavailable by failing to provide the necessary forms. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). But the claim in this case is that the defendant jail officers failed to care for him on November 4, 2019. Thus, his statement that he attempted and failed to obtain grievance forms from October 30 to November 4 does not

support a conclusion that the administrative remedy process was made unavailable to him regarding his claim that the jail officials failed to make sure he received appropriate care after his blood sugar dropped on November 4. He provides no admissible evidence that he timely attempted to obtain grievance forms after he returned from the hospital so that he could grieve the November 4, 2019, incident. He therefore has not shown that the grievance process was made unavailable to him.

The Court notes that Mr. Nolan named Nurse Calhoun as a defendant in the caption of his amended complaint. Dkt. 13. But because Mr. Nolan did not state any allegations against Nurse Calhoun in the body of his amended complaint, she was dismissed as a defendant. Dkt. 12. Mr. Nolan's allegation in his affidavit in response to the motion for summary judgment that he was given the wrong insulin, which negatively impacted his blood sugar, between October 30, 2019 and November 4, 2019, may form the basis of a viable lawsuit against her and Mr. Nolan may have a viable argument that he grieved this issue by filing a grievance on January 10, 2020. But Mr. Nolan did not raise that claim in his amended complaint and thus any attempt to exhaust that claim is irrelevant to the claim that he did raise.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [25], is **granted**. Mr. Nolan's motion for summary judgment, dkt. [33], is **denied.** The motion for subpoena, dkt [44], is **denied** as unnecessary. As noted, nothing in this ruling addresses Mr. Nolan's claims that he was given the wrong medication in late October and early November 2019. Final judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: _____10/6/2020_____

_Sarah Evans Barker_

_____
SARAH EVANS BARKER, JUDGE
United States District Court Southern
District of Indiana

Distribution:

ANTONIO NOLAN
204926
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel